UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHALE CORPORATION and
VEERARAGHAN RAMASWAMY,

        Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

        Defendant.

                                /

Case No. 04-73092

Honorable John Corbett O'Meara

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S JANUARY 10, 2005**
**MOTION FOR SUMMARY JUDGMENT AND**
**DENYING PLAINTIFFS' FEBRUARY 10, 2005**
**CROSS MOTION FOR SUMMARY JUDGMENT**

    This matter came before the court on defendant United States Citizenship and Immigration

Services' January 10, 2005 motion for summary judgment and plaintiffs Whale Corporation and

Veeraragahan Ramaswamy's February 10, 2005 cross motion for summary judgment.  The

government filed a reply brief February 22, 2005; and oral argument was heard March 11, 2005.

**BACKGROUND FACTS**

    This is a claim for judicial review under the Administrative Procedures Act ("APA"), 5 U.S.C.

§§ 702 *et. seq*., of the government's denial of the I-140 employment-based, third-preference

immigrant visa petition filed by plaintiff Whale Corporation on behalf of plaintiff Veeraraghan

Ramaswamy for classification as a "professional."  Plaintiffs allege that Defendant acted arbitrarily

and capriciously in denying the petition on the basis that Ramaswamy does not possess a U.S.

baccalaureate degree or a foreign equivalent degree as required for classification as a professional.

Plaintiffs contend that a four-year degree is not required and that a lesser degree, specifically Ramaswamy's three-year degree from India, combined with additional training, should be deemed equivalent to courses leading to a four-year degree, thereby satisfying the requirement that an alien hold a U.S. baccalaureate degree or a foreign equivalent degree.  The plain language of the statute and implementing regulation, as well as the administrative history of the regulation, contradict Plaintiffs' interpretation, however.  Under the relevant statute and regulations, and given the educational credentials submitted by Plaintiffs, there exists no genuine issue of material fact regarding the agency's action.

## LAW AND ANALYSIS

Under the APA, agency decisions may be set aside only if they are "arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The party challenging the agency's action must "show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations."  McDonald Welding Co. v. Webb, 829 F.2d 593, 595 (6th Cir. 1987).

The sole issued raised by the complaint is whether Defendant acted arbitrarily and capriciously in determining that plaintiff Ramaswamy does not meet the requirements for a "professional" worker under 8 U.S.C. § 1153(b)(3)(A)(ii)/INA § 203(b)(3)(A)(ii), because he does not hold a U.S. baccalaureate degree or a foreign equivalent degree.  Plaintiff Whale Corporation sought to have Ramaswamy classified as an employment-based immigrant as a member of the professions.[1]

---

[1]Although plaintiff Whale contends that it did not request "professional" worker status for Ramaswamy, the job offered by Whale to the beneficiary in this case requires, at a minimum, a bachelor's degree or its foreign equivalent degree.

Ramaswamy has a three-year degree from the University of Madras in India and additional training at Computer Point and Brains & Bits.  It is clear, however, that there is no provision to allow for such "stacking" in order to meet the requirement of the equivalent of a U.S. baccalaureate degree.  Pursuant to 8 C.F.R. § 204.5(1)(3)(ii)C,  "Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study."   Under another provision for "specialty occupation," a beneficiary can fulfill the degree requirement by showing education, specialized training, and/or experience equivalent to completion of a U.S. baccalaureate or higher degree.  8 C.F.R. § 214.2(h)(4)(iii)(C)-(D).   The absence of such language in the regulation regarding "professional" dictates that an alien must possess a single equivalent degree in order to qualify.  That was the determination of the APA in this case, and this court will not find that decision to be arbitrary and capricious.

In support of their argument to the contrary, Plaintiffs reference a letter from the Office of Adjudication authored by Efren Hernandez, III, then INS Director, Business and Trade Services, addressing an inquiry regarding the "foreign equivalent degree" language in 8 C.F.R. 204.5(k)(2), regarding aliens who are members of the professions holding advanced degrees or aliens of exceptional ability.  The Administrative Appeals Office ("AAO") addressed this letter in its December 18, 2003 decision.  The AAO noted, among other things, that this letter specifically addressed the issue of whether a "foreign equivalent *advanced* degree must be in the form of a single degree," not the issue raised by Plaintiffs.  Furthermore, as the AAO explained in its decision, a letter from the Office of Adjudications does not constitute official CIS policy and is not binding on the AAO.

3

The government has articulated a "satisfactory explanation for its action, including 'a rational connection between the facts found and the choice made,'" See Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Ins. Co., 463 U.S. 29, 43 (1983).  If plaintiff Whale seeks to have Ramaswamy classified as a skilled worker, it may do so.  However, according to the prerequisites Whale listed, which included a U.S. baccalaureate degree or its foreign equivalent, Whale sought a "professional," not a "skilled worker."  To allow the employer to simply modify its request to a skilled worker would undermine the certification process of the Department of Labor.

## **ORDER**

It is hereby **ORDERED** that defendant United States Citizenship and Immigration Services' January 10, 2005 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that plaintiffs Whale Corporation and Veeraragahan Ramaswamy's February 10, 2005 cross motion for summary judgment is **DENIED.**


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  May 10, 2005